# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **BRENT CODY BROWN,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case Number: 5:12-cv-3554-CLS-JHE |
| | ) |
| **J.C. GILES,** *et al.*, | ) |
| | ) |
| Respondents. | ) |
| | ) |

## MEMORANDUM OPINION

The Magistrate Judge entered a Report and Recommendation on November 17, 2015 (doc. 10), recommending that the petition for writ of habeas corpus be dismissed with prejudice. Petitioner has filed objections. (Doc.11). Petitioner objects to the dismissal of his claims, arguing that: (1) the Alabama Court of Criminal Appeals' decision that the circuit court's admission into evidence of statements he made to law enforcement did not violate his Fifth and Fourteenth Amendment rights, "was entirely unreasonable"; and, (2) the Magistrate Judge's finding that Petitioner's ineffective assistance of counsel claim was procedurally defaulted is erroneous, because the case upon which the Magistrate Judge relied, *Martinez v. Ryan*, – U.S. – , 132 S. Ct. 1309 (2012), is incongruous with the habeas exhaustion requirements. (Doc. 11 at 1, 14-15).

1. <u>Involuntary Statements</u>

As the Magistrate Judge points out, Brown can obtain relief on this claim only if the adjudication of the underlying claim by the Alabama Court of Criminal Appeals "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* doc. 10 (citing 28 U.S.C. § 2254(d)(1)-(2)).  Brown contends that the state court's decision was "entirely unreasonable," and contrary to the following clearly established Federal law:

> [T]he government cannot introduce a suspect's statement taken without the presence of an attorney without first showing that the suspect made a voluntary, knowing, and intelligent waiver of his right to counsel. *Miranda* [*v. Arizona*], 384 U.S. [436,] 475 [(1966)] ("If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel."); *see also United States v. Beale*, 921 F.2d 1412, 1434 (11th Cir. 1991) ("Before the government may introduce a suspect's uncounselled statement made during custodial interrogation, it must show that the suspect made a voluntary, knowing and intelligent waiver of his privilege against self-incrimination and his right to counsel.").

Likewise, it is clearly established from holdings of the Supreme Court that the inquiry into whether a waiver was voluntary, knowing, and intelligent is twofold:

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of the circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived.

*Moran v. Burbine*, 475 U.S. 412, 421, 106 S. Ct. 1135, 1141, 89 L. Ed.2d 410 (1986) (quoting *Fare v. Michael C.*, 442 U.S. 707, 725, 99 S. Ct. 2560, 2572, 61 L. Ed.2d 197 (1979)).

*Hart v. Attorney General of the State of Fla.*, 323 F.3d 884, 891-92 (11th Cir. 2003) (alterations supplied) (explaining that these holdings are clearly established Federal law for the purposes of habeas corpus review). Thus, the voluntariness of a statement primarily depends upon: (1) the conduct of law enforcement officials in creating pressure; and (2) the suspect's capacity to resist that pressure. *See Mincey v. Arizona*, 437 U.S. 385, 399-401 (1978). Brown argues that the application of these factors warrants the conclusion that his statements were not voluntary, and that the Alabama Court of Criminal Appeals' decision to the contrary was unreasonable. (Doc. 11 at 2).

Specifically, Brown argues that the prosecutor's promise to not seek the death penalty (the key fact relied upon in the dissenting opinion filed by Judge Samuel

Henry Welch of the Alabama Court of Criminal Appeals),[1] and the evidence that Brown had only a sixth grade education and was mentally ill and therefore not capable of waiving his rights, renders the state court's decision unreasonable. (Doc. 11 at 11-12). This objection is **OVERRULED**.

The Magistrate Judge correctly found that the state court's adjudication of this claim was not unreasonable. As to the "suspect's capacity to resist pressure" prong, the Alabama Court of Criminal Appeals considered conflicting testimony regarding Brown's mental state at the time he gave his statement to police, and, recognizing that the circuit court was in the best position to resolve conflicting evidence, declined to second-guess its factual findings. (Doc. 4-4 at 15-16). This was not unreasonable, particularly in light of the fact that Dr. John David Toppins, who opined that Brown did not have a mental condition that would have interfered with his ability to provide a voluntary statement, reviewed tapes of the statements Brown made to police, and interviewed Brown closer in time to when the statements were made than Dr. Cesar Munoz, who opined that Brown suffered from schizoaffective disorder at the time he provided his statement, and called into question whether the statement was made knowingly and voluntarily. (*Id.* at 10-13). The appellate court also considered "the conduct of law enforcement officials in creating pressure" (*i.e.*, whether there was

---

[1] *See Brown v. State*, 56 So. 3d 729, 743-44 (Ala. Crim. App. 2009) (Welch, J., dissenting).

4

coercion such that Brown's will was overborne), and Brown points to no specific facts demonstrating nothing that the majority's conclusion that his will was not overborne during his confession is unreasonable.

### 2. Ineffective Assistance of Counsel

The Magistrate Judge determined that Brown's claim for ineffective assistance of counsel was procedurally defaulted, based upon his failure to properly exhaust the claim. (Doc. 10 at 11-13). To exhaust all available state court remedies and challenge a conviction issued by an Alabama state court, a petitioner must seek rehearing in the Alabama Court of Criminal Appeals and file a timely petition for writ of certiorari in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001); Ala. R. App. P. 39-40. At 4:48 p.m. on the date his petition for a writ of certiorari was due to be filed with the Alabama Supreme Court, an attorney filed a pleading with the Alabama Court of Criminal Appeals requesting an extension of time on his behalf. The Alabama Rules of Appellate Procedure do not allow for an extension of time to file a petition for a writ of certiorari except in a "criminal case where the death penalty was imposed as punishment." *See* Ala. R. App. P. 2(b).[2] Brown does not dispute that he failed to exhaust this claim, but contends that *Martinez v. Ryan*, – U.S. – , 132 S. Ct. 1309 (2012), *excuses* that

---

[2] Petitioner was sentenced to 99 years imprisonment.

procedural default. (Doc. 11 at 12-14). Petitioner's second objection is **OVERRULED**.

In *Martinez*, the Supreme Court held that post-conviction counsel's failure to raise an ineffective assistance of trial counsel claim during *initial-review* collateral proceedings may constitute "cause" to overcome procedural default. *Martinez*, 132 S. Ct. at 1315. The Magistrate Judge concluded, based upon the fact that Brown was represented by counsel at the trial court level of his Rule 32 petition, *i.e.*, his "initial review collateral proceedings," that *Martinez* does not apply. (Doc. 10 at 13). As the Eleventh Circuit has explained:

> Importantly, the *Martinez* rule is expressly limited to attorney errors in *initial-review* collateral proceedings: "[T]he holding in [*Martinez*] does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 132 S. Ct. at 1320 . . . .

*Lambrix v. Sec'y, Fla. Dept. of Corrections*, 756 F.3d 1246, 1260 (11th Cir. 2014) (bracketed alterations in original, emphasis and ellipses supplied).

Brown acknowledges in his objection, as he did in his petition, that other district courts have held that *Martinez* does not apply in similar cases, but submits that it is

> incongruous to hold that no counsel or ineffective assistance of counsel at the post conviction trial court level can constitute cause but that no

6

>counsel or ineffective counsel at the post conviction appeals level cannot constitute cause when the defendant is required to exhaust claims all the way through a request for discretionary review.

Doc. 11 at 15 (citing doc. 10 at 11). Although the Magistrate Judge was not unsympathetic to Brown's argument, he concluded that the plain language of *Martinez* indicates that it does not extend "beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1320; *see also Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) ("Arnold's multiple ineffective assistance claims were litigated in his initial-review collateral proceeding, but not preserved on appeal. Thus, unlike Martinez, Arnold has already had his day in court; deprivation of a second day does not constitute cause."). Accordingly, the Magistrate Judge found that petitioner has not established cause for his procedural default, and his claim is due to be denied.[3]

The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved to the extent it is consistent with this Memorandum Opinion.

Accordingly, the court hereby adopts and approves the findings and recommendation of the Magistrate Judge as the findings and conclusions of this court.

---

[3] Brown does not argue there has been a "fundamental miscarriage of justice" to excuse his procedural default. (*See* docs. 1, 7, 10).

The petition for writ of habeas corpus is due to be **DISMISSED**. A separate Order will be entered contemporaneously herewith.

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Petitioner's claims do not satisfy either standard.

DONE this 8th day of March, 2016.

                                    United States District Judge